Dear Mr. Butler:
Reference is made to the request of Mr. D. Digges Morgan III for an opinion of this office regarding the eligibility of certain retirees of the New Orleans City Park Improvement Association (the "Association") to maintain health insurance coverage with the State of Louisiana's Office of Group Benefits after retirement. Specifically, you seek our opinion as to whether social security benefits constitute "retirement benefits from an approved state or governmental agency defined benefit plan" such that Association employees who are currently covered by the Office of Group Benefits and who are participants in Social Security will be eligible to maintain that coverage into their retirement.
LSA-R.S. 42:808, relative to eligibility for Office of Group Benefits programs, pertinently provides:
 "A. For the purposes of participating in life, health, or other programs sponsored by the Office of Group Benefits, an employee is defined as:
 (1) A classified or unclassified state civil service employee.
 (2) A retiree as defined by the rules and regulations of the Office of Group Benefits. . ."
In accordance with the rules and regulations of the Office of Group Benefits:
 "Retiree means an individual, who was a covered Employee immediately prior to the date of retirement and who, upon retirement,
 1. immediately received retirement benefits from an approved state or governmental agency defined plan; or, "
In connection with your request Ms. Pamela Miller Perkins, General Counsel to the Division of Administration, has provided us with a Memo dated July 14, 2004 from Mr. Stanley K. Hurder, Deputy General Counsel to the Office of Group Benefits, regarding the very issue which is the subject of your request. A copy of Ms. Perkins' correspondence, also dated July 14, 2004, and the Memo provided are enclosed herewith. Pertinently, Ms. Perkins correspondence states:
 "At this time the Office of Group Benefits has not adopted extensive rules to define retirement eligibility. It is anticipated that either legislation or additional rules and regulations may be adopted to clarify the definition of eligible retiree, which might exclude individuals who receive a Social Security benefit However, at this time it appears that the employees of the New Orleans City Park Improvement Association are probably eligible to continue coverage into retirement status."
In pertinent part, Mr. Hurder's Memo states:
 " the Social Security Administration appears to be a "governmental agency defined plan". Payments to the retiree are defined in accordance with prior earnings records, just like the standard LASERS or other state plan. OGB has not developed a list of approved plans, so in this narrow set of circumstances, it appears that the SSA Social Security benefits plan constitutes a governmental agency defined plan. The rule requires that the active employee immediately receive the retirement benefits following retirement. Thus, the employee could not retire and continue coverage unless he or she is immediately eligible for Social Security benefits."
In summary, Mr. Hurder's Memo states:
 ". . .Association employees are state employees eligible for OGB membership. This eligibility for retiree coverage provided the person retires directly from active employment to the Social Security governmental agency defined benefit plan."
The Memo also quotes from a letter dated September 20, 2001 (copy enclosed), wherein Mr. A. Kip Wall, Chief Executive Officer of the Office of Group Benefits stated:
 "If Social Security is considered to be the approved governmental agency defined benefits plan, then the employees of New Orleans City Park must be covered immediately prior to retirement and must, upon retirement, immediately begin receiving Social Security benefits. Any other scenario will not meet the definition."
This office concurs in the analysis and result reached in the documents enclosed herewith, particularly Mr. Hurder's Memo of July 14, 2004. Accordingly, it is the opinion of this office that Association employees who are currently covered by the Office of Group Benefits, and who are participants in Social Security will be eligible to maintain Group Benefits coverage into their retirement provided the employee retires directly from active employment with the Association and immediately begins receiving the benefits of Social Security.
In reaching our determination herein, we have deferred to the Office of Group Benefits and its Counsel with respect to the interpretation of the Office of Group Benefits' rules and regulations. In accordance with the doctrine of contemporaneous construction, the interpretation given to a law or regulation by those charged with its execution and/or implementation is entitled to great weight. Esso Standard Oil Co. v. Crescent River PortPilot's Association, 106 So.2d 316 (La. 1958); State v. B. P.Exploration and Oil, Inc., 506 So.2d 528 (La.App. 1st. Cir. 1997); Danna v. Commissioner of Insurance, 228 So.2d 708 (La.App. 1st. Cir 1969).
We trust the foregoing to be of assistance. Please contact this office if you have any comments or questions in this regard.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
Attachments
xc: A. Kip Wall, Office of Group Benefits Pamela Miller Perkins, Division of Administration Stanley K. Hurder, Office of Group Benefits
July 14, 2004
Ms. Jeanne Marie Barham Assistant Attorney General Department of Justice 365 Canal Street, Suite 2730 New Orleans, Louisiana 70130
Re: OR# 04-0042 Health coverage for New Orleans City Park retirees
Dear Ms. Barham:
Thank you for the opportunity to comment on the issue of whether employees of the New Orleans City Park Improvement Association are eligible to continue current health benefit coverage into retirement. The Office of Group Benefits and the Division of Administration believe any expansion of eligibility for retirement coverage must be accomplished only after very careful consideration, due to the impact on future state liabilities under financial accounting standards.
This case appears unique in that the New Orleans City Park Improvement Association is a public entity established in 1896 to administer the state lands at the City Park. Since the 1950's the employees have been state civil service employees and the Association is an entity within the Louisiana Department of Culture and Recreation. At this time the Office of Group Benefits has not adopted extensive rules to define retirement eligibility. It is anticipated that either legislation or additional rules and regulations may be adopted to clarify the definition of eligible retiree, which might exclude individuals who only receive a Social Security retirement benefit.
However, at this time it appears that the employees of the New Orleans City Park Improvement Association are probably eligible to continue coverage into retirement status. Attached is a memo from Stan Hurder, OGB /DOA attorney, discussing this issue. We will appreciate receiving your insight and analysis of the issue.
Sincerely,
Pamela Miller Perkins General Counsel
cc: Mr. Kip Wall
State of Louisiana Stanley K Hurder Office of Group Benefits (225) 219-0242 P.O. Box 44036 FAX (225) 219-0246 Baton Rouge, Louisiana 70804 StanIey.Hurder@LA.GOV
Memo
To: Pamela Miller Perkins, General Counsel, DOA
From: Stanley K. Hurder Deputy General Counsel
Date: 07/14/04
Re: New Orleans City Park Employee Eligibility for Retiree Coverage
Are New Orleans City Park Improvement Association (City Park Association) employees eligible to continue health benefits as retirees? It is necessary to note that City Park is a state agency. Act 130 of the 1896 General Assembly gave the City Park Association authority to manage the park for the State of Louisiana. Since the mid 1950's City Park Association employees have been members of the state Civil Service system. Act 865 of the 1982 Regular Session placed the City Park Association within the Louisiana Department of Culture, Recreation and Tourism.
For over twenty years, City Park Association active employees have been eligible to participate in Group Benefits. However, City Park Association employees are not members of the LASERS retirement system. If they were members of LASERS there would be no question as to whether they were entitled to continue OGB coverage as retirees. Act 120 of the 2001 Regular Session bars City Park Association employees from being LASERS participants.
This condition arose because of federal Social Security law requirements. In 1956 City Park Association employees joined the Social Security Administration retirement system. At that time, this required that public entities joining the SSA must sign an Absolute Coverage Agreement committing the agency to perpetual membership in the SSA retirement system, only ending if the agency dissolved itself. Due to the federal SSA law and the 1956 binding perpetual agreement, City Park Association employees will only retire through the Social Security system at age 62 to 65, unless earlier due to SSA disability.
The OGB eligibility statute lists who can be eligible for OGB membership.
"§ 808. Eligibility in group programs
 A. For the purposes of participating in life, health, or other programs. sponsored by the Office of Group Benefits, an employee is defined as:
(1) A classified or unclassified state civil service employee.
 (2) A retiree as defined by the rules and regulations of the Office of Group Benefits."
OGB's rules and regulations provide further definitions of retiree. The primary definition is that:
 "Retiree means an individual, who was a covered Employee immediately prior to the date of retirement and who, upon retirement,
 1. immediately received retirement benefits from an approved state or governmental agency defined benefit plan; or, ..."
In this situation, the Social Security Administration appears to be a "governmental agency defined benefit plan". Payments to the retiree are defined in accordance with prior earnings records, just like the standard LASERS or other state plan. OGB has not developed a list of approved plans, so in this narrow set of circumstances, it appears that the SSA Social Security benefits plan constitutes a governmental agency defined benefit plan. The rule requires that the active employee immediately receive the retirement benefits following retirement. Thus, the employee could not retire and continue coverage unless he or she is immediately eligible for Social Security benefits.
In a letter dated September 20, 2001, Mr. A. Kip Wall, CEO, concurred in this condition.
 "If Social Security is considered to be the approved governmental agency defined benefits plan, then the employees of New Orleans City Park must be covered immediately prior to retirement and must, upon retirement, immediately begin receiving Social Security benefits. Any other scenario will not meet the definition."
This provides strict guidance for participation in the OGB plan by retirees of the City Park Association.
The OGB authorization statute contains one statutory reference to the New Orleans City Park Association at R.S. 42:808 (6). It states that any employee of the City Park Association who is covered by OGB and who is transferred to a non-profit corporation pursuant to a cooperative endeavor agreement, is an eligible member of OGB. It did not refer to retirees. This is a misleading statute in that it discusses an authorized event, which did not occur. There was a possibility that the maintenance and administration of the park would be transferred to a private non-profit group. This provision would have allowed only active employees to continue OGB coverage. However, the transfer to a private entity pursuant to a possible cooperative endeavor never occurred. Thus, this reference to employees without reference to retirees is not applicable to the issue considered by this memo and does not support the exclusion of state civil service employees of the New Orleans City Park from being eligible as retirees under the above conditions.
 Summary
It is the opinion of this author that City Park Association employees are state employees eligible for OGB membership. This eligibility includes eligibility for retiree coverage provided the person retires directly from active employment to the Social Security governmental agency defined benefit plan.
SKH:kl
 State of Louisiana BOARD OF TRUSTEES STATE EMPLOYEES GROUP BENEFITS PROGRAM P.O. BOX 44036. CAPITOL STATION BATON ROUGE, LOUISIANA 70804 Richard N. Burtt (225) 9254950 FAX (225) 925-4856
 September 20, 2001
Mr. Robert Becker, CEO New Orleans City Park Improvement Association 1 Palm Drive New Orleans, LA 70124-4608
Re: New Orleans City Park Retirees
Dear Mr. Becker:
Your letter dated September 10, 2001, and addressed to Commissioner Drennan raises several interesting points to which I would like to take this opportunity to respond. For my information, would you please provide a copy of Act 204 of 1952 as well as Modification 91 to the Louisiana Section 218 coverage agreement for review to this Program's General Counsel, Mr. Richard N. Burtt.
I have not had the opportunity to review these documents, but even if Social Security is considered to be a governmental agency defined benefit plan, it appears that employees (retirees) of New Orleans City Park will have to carefully understand the definition of Retiree in order to qualify for coverage. As noted in your letter, Retiree means an individual who was a covered employee immediately prior to the date of retirement and who, upon retirement,
 1. Immediately received retirement benefits from an approved state or governmental agency defined benefits plan.
If Social Security is considered to be the governmental agency defined benefits plan, then the employees of New Orleans City Park must be covered immediately prior to retirement and must, upon retirement, immediately begin receiving Social Security benefits. Any other scenario will not meet the definition.
Under definition number 2, those employees who can be shown to qualify will, of course, qualify. Definition number 3 also presents some issues. That definition requires employees to immediately receive retirement benefits and have accumulated the total number of years of creditable service which would have entitled him to receive a retirement allowance from the defined benefit plan of the retirement system for which the employee would have been otherwise eligible. It is my understanding that these employees are not otherwise eligible for any of the retirement systems.
As your earliest opportunity, please forward the requested documents so that a final determination may be achieved. I appreciate your interest in this Program and look forward to working with you on this matter.
Sincerely,
 A. Kip Wall CEO, Office of Group Benefits
RNB:sf
cc: Angele Davis Deputy Commissioner Division of Administration
Pamela Perkins General Counsel Division of Administration